IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:01CV500 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DRAVO CORPORATION, | ) | |
| DESCO CORPORATION, and | ) | |
| DESCO CORPORATION d/b/a | ) | |
| MARSHALLTOWN INSTRUMENTS, INC., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants, Third-Party Plaintiffs, | ) | |
| and Counterclaim Defendants. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRUCKMAN RUBBER COMPANY | ) | |
| | ) | |
| Third-Party Defendant, and | ) | |
| | ) | |
| THE CITY OF HASTINGS, NEBRASKA, | ) | |
| | ) | |
| Third-Party Defendant and | ) | |
| Counterclaim Plaintiff. | ) | |

This matter is before the court on the motion of Third-Party Defendant Bruckman Rubber Company's motion to approve settlement, dismissing with prejudice existing claims and barring future claims by and against third-party defendant Bruckman Rubber Company, Filing No. 267. The court heard oral argument on this motion of June 2, 2005. This is an action brought by the United States (hereinafter, "the Government") for cleanup costs associated with the Colorado Avenue Subsite of the Hastings Groundwater Contamination Site in Hastings, Nebraska, under the Comprehensive Environmental, Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9613(j).

In its motion, Bruckman seeks approval of the Settlement Agreement and Release, which is contingent upon a court order barring claims for contribution against Bruckman. Bruckman asks the court to "grant Bruckman protection from "any and all future claims by any entity against Bruckman including but not limited to claims for contribution or response costs, pursuant to 42 U.S.C. § 9613(f)(2), or other applicable federal or state law, arising out of or related to the release or threatened release of hazardous substances or contaminants at or associated with the [Colorado Avenue Subsite of the Hastings Groundwater Contamination Site]." *See* Filing No. 267, Bruckman Motion Exhibit A, Proposed Order at 2.

In its response to the motion, the Government states that it does not oppose the motion, but that CERCLA, 42 U.S.C. § 9613(f)(2), does not provide a basis for granting contribution protection to Bruckman as a result of its settlement with Dravo and Desco. *See* Filing No. 269. Bruckman responds that it seeks such protection under federal common law and/or the Uniform Comparative Fault Act ("UFCA"), 12 U.L.A. 44 (1992).

"CERCLA is a comprehensive statute that grants the President broad power to command government agencies and private parties to clean up hazardous waste sites." *Key Tronic Corp. v. United States*, 511 U.S. 809, 814 (1994). Congress enacted CERCLA to facilitate the cleanup of hazardous waste sites, and to shift the costs of environmental response from taxpayers to the parties who benefitted from the use or disposal of the hazardous substances. *Dico, Inc. v. Amoco Oil Co.,* 340 F.3d 525, 529 (8th Cir. 2003). Parties potentially responsible ("PRP") for cleanup costs under CERCLA include the owner or operator of a polluting facility or hazardous site, "[a]ny person who at the time of disposal of any hazardous substance owned or operated . . . [the] facility . . . ," any person who . . .

2

arranged for disposal or treatment of . . . hazardous substances . . . at the facility and "any person who accepts hazardous substances for transport" to the facility or site for disposal or treatment.  42 U.S.C. § 9607(a)(1)-(4).  CERCLA makes PRPs liable for all costs of removal or remedial action incurred by the United States Government and for any other necessary costs of response incurred by any other person, consistent with CERCLA's national contingency plan.  *Id.* § 9607(a)(4)(A) and (B).  In short, CERCLA imposes the costs of the cleanup on those responsible for the contamination, and CERCLA's remedy "is sweeping:  everyone who is potentially responsible for hazardous-waste contamination may be forced to contribute to the costs of cleanup." *United States v. Bestfoods*, 524 U.S. 51, 56 (1998) (quoting *Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 7 (1989) (plurality opinion).

Parties incurring cleanup costs pursuant to an order from the EPA who are not responsible for the contamination may bring a claim in federal court to recover their cleanup costs.  *Dico, Inc. v. Amoco Oil Co.,* 340 F.3d at 529 (stating that the government or an innocent private party may maintain a direct cost recovery action).  PRPs, however, "are held jointly and severally liable for the costs of cleanup."  *Id.* at 530.  Although CERCLA did not at first authorize contribution claims between PRPs, it was later amended to provide for an explicit right of contribution between PRPs.  *Id.*; 42 U.S.C. §§ 9601-9675 (Superfund Amendments and Reauthorization Act (SARA)).

CERCLA provides for contribution as follows:

Any person may seek contribution from any other person who is liable or potentially liable under 9607(a) of this title, during or following any civil action under 9606 of this title or under 9607(a) of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal Law.

42 U.S.C. § 9613(f)(1). CERCLA further provides that "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims in contribution regarding matters addressed in the settlement." 42 U.S.C. § 9613(f)(2). "Such settlement does not discharge any of the other potentially liable persons unless its terms so provide, but reduces the potential liability of the others by the amount of the settlement." CERCLA thus unequivocally grants contribution protection to PRPs who settle with a state or the federal government. *See United States v. Union Elec. Co.*, 132 F.3d 422, 429 (8th Cir. 1997) (stating "CERCLA specifically provides that parties who agree to settle with the EPA will be free from the contribution actions of other responsible parties"). That provision, however, does not apply to private settlements.

Bruckman argues that federal courts have long recognized a strong interest in promoting settlement, especially in complex matters such as CERCLA claims. *See, e.g., TBG Inc. v. Bendis*, 811 F. Supp. 596, 604 n. 14 (D. Kan.1992) ("[s]trong federal policy supports settlement of complicated multiparty litigation"); *Allied Corp. v. Acme Solvent Reclaiming, Inc.*, 771 F. Supp. 219, 222 (N.D. Ill.1990) (strong federal interest in promoting settlement in complex matters like CERCLA cases; cross-claim bar order needed to encourage defendants to settle). Although that may be the case, there is no authority in the Eighth Circuit for application of either federal common law or the Uniform Comparative Fault Act in these circumstances.[1] *See United States v. Union Electric*, 64 F.3d 1152,

---

[1] Nearly all courts addressing the issue of reducing non-settling parties' liability have opted for the approach set out in the UCFA. *See Allied Corp. v. Acme Solvent Reclaiming, Inc.*, 771 F. Supp. 219, 223 (N.D. Ill.1990).

4

1166-68 (8th Cir. 1995) ("*Union Electric I*") (relying on a straightforward and narrow interpretation of the language of § 9613(f) to find nonsettling parties had a right to intervene).  Accordingly, the court will not rely on either federal common law or the Uniform Comparative Fault Act as support for contribution protection.

CERCLA grants courts broad powers, however, to allocate cleanup costs using "such equitable factors as the Court determines are appropriate."  42 U.S.C. § 9613(f)(1).  Notably, it is within the district court's "informed" discretion to evaluate proposed consent decrees.  *See Union Electric II*, 132 F. 3d at 429 (noting that nonsettling intervenors are "free to negotiate a separate settlement agreement with the EPA").  *Id.*  The court retains discretion to determine whether the consent decree is fair, reasonable, and adequate.  *See Dravo v. Zuber*, 13 F.3d 1222, 1227 (1994).  The requirement that a court approve a consent decree will thus provide an opportunity for nonsettling parties to challenge a settling party's agreement.  *See id.* at 1226 (regarding *de minimis* settlement under 42 U.S.C.A. § 9622(c)(1)).

Accordingly, in view of the fact that the Government does not object to the settlement, and because the record shows that the parties have reached agreements in principle to settle the Government's claims against Dravo and Desco as well as Dravo's and the City of Hastings' third-party claims and counterclaims, see Filing No. 273, the court will invoke its equitable powers to approve the settlement proposed by Bruckman and Dravo and Desco.  The court finds the Settlement and Release Agreement will protect the public interest and further the resolution of this litigation.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Bruckmans' motion for approval of settlement agreement is granted.

5

2.  The Settlement and Release Agreement between Dravo Corp., Desco Corp. and Bruckman Rubber Co., Filing No. 267, Bruckman Motion Exhibit A, is approved.

2.  All claims of Dravo and Desco against Bruckman and any deemed-filed counterclaims by Bruckman against Dravo and Desco are dismissed, with Dravo Corp., Desco Corp., and Bruckman Rubber Co., each to bear its own costs.

4.  Any and all future claims by any entity against Bruckman Rubber Co. related to the release or threatened release of hazardous substances or contaminants at or associated with the Subsite at issue in this litigation, including but not limited to claims for contribution and response costs pursuant to 42 U.S.C. § 9613(f)(2) or other applicable federal or state law, are barred.

DATED this 8th day of June, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge