IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:01CV500 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| DRAVO CORPORATION, | ) | |
| DESCO CORPORATION, and | ) | |
| DESCO CORPORATION d/b/a | ) | |
| MARSHALLTOWN INSTRUMENTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion for entry of Consent Decree, Filing No. 283. The Consent Decree has been lodged with the court. Filing No. 282. In support of the motion, plaintiff has shown that it provided the public with notice of the settlement and an opportunity to submit comments to the Department of Justice during a thirty-day period and received no public comments within the public comment period. See 42 U.S.C. § 9622; 28 C.F.R. § 50.7. The settling defendants have signed the Consent Decree and assent to its entry. Filing No. 282, Consent Decree at 46-47.

This court reviews a consent decree for fairness, reasonableness and adequacy. *United States v. Hercules*, 961 F.2d 796, 800 (8th Cir. 1992). The Consent Decree resolves claims brought by the government against defendants Dravo Corporation, Desco Corporation and Desco Corporation d/b/a/ Marshall Town Instruments, Inc., pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.,* involving the Hastings Ground Water Contamination Superfund site. The court has reviewed the agreement and finds that it is fair, reasonable and adequate.

2

The Consent Decree requires the settling defendants to pay $7.3 million to partially reimburse the Environmental Protection Agency's ("EPA's") previous response costs. In addition, the settling defendants will be required to continue to implement and to complete implementation of parts of the interim remedy for the Subsite, and to pay EPA's costs of oversight. The interim work to be performed by the settling defendants is expected to cost approximately $3.5 million. Accordingly,

IT IS ORDERED that:

1. Plaintiff's motion for entry of consent decree is granted;

2. The Consent Decree will be entered this date.

DATED this 24th day of May, 2006.

BY THE COURT:

s/Joseph F. Bataillon
United States District Judge

2