UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :
                                     :
            Plaintiff,               :
                                     :   Civil No. 8:01-CV-500-JFB-TDT
       v.                            :
                                     :
DRAVO, LLC (f/k/a DRAVO CORPORATION),:   CONSENT DECREE WITH
DESCO CORPORATION,                   :   DESCO CORPORATION
DESCO CORPORATION d/b/a              :
MARSHALLTOWN                         :
INSTRUMENTS, INC.                    :
                                     :
                                     :
            Defendants.              :
------------------------------------x

TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | JURISDICTION | 2 |
| III. | PARTIES BOUND | 2 |
| IV. | DEFINITIONS | 2 |
| V. | STATEMENT OF PURPOSE | 3 |
| VI. | PAYMENT OF RESPONSE COSTS | 4 |
| VII. | FAILURE TO COMPLY WITH CONSENT DECREE | 4 |
| VIII. | COVENANTS BY PLAINTIFF | 5 |
| IX. | RESERVATION OF RIGHTS BY UNITED STATES | 5 |
| X. | COVENANTS BY SETTLING DEFENDANT | 6 |
| XI. | EFFECT OF SETTLEMENT/CONTRIBUTION | 7 |
| XII. | ACCESS TO INFORMATION | 8 |
| XIII. | RETENTION OF RECORDS | 9 |
| XIV. | NOTICES AND SUBMISSIONS | 10 |
| XV. | RETENTION OF JURISDICTION | 10 |
| XVI. | INTEGRATION/APPENDIX | 10 |
| XVII. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 11 |
| XVIII. | SIGNATORIES/SERVICE | 11 |
| XIX. | FINAL JUDGMENT | 11 |

# I.   BACKGROUND

A.   The United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed the complaint in this action against Desco Corporation ("Settling Defendant") and Dravo, LLC ("Dravo") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, ("CERCLA"), as amended, seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at Operable Unit 01 ("OU 01") of the Hastings Groundwater Contamination Superfund Site in Hastings, Nebraska ("the Site"). Dkt. No. 1.

B.   In response to the release or threatened release of hazardous substances at or from OU 01 of the Site, EPA undertook response actions and will undertake response actions in the future at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604. Operable Unit 01 addresses groundwater contamination emanating from the manufacturing facility at 108 South Colorado Avenue. On September 30, 1991, EPA issued a Record of Decision ("ROD") that selected an interim remedial action for OU 01. On May 20, 1998, EPA amended the interim ROD for OU 01. The goal of the interim remedy, as amended, is to reduce unacceptable risk from exposure to certain contaminants in groundwater by reducing the mass of volatile organic compound contamination within the groundwater plume. The methods for mass reduction includes extraction and treatment of contaminated groundwater (1991 Interim ROD) and in-situ treatment of contaminated groundwater (1998 Interim ROD Amendment). On March 30, 2020, EPA issued a ROD that selected a final remedy for OU 01. The final remedy combines institutional controls, groundwater extraction and treatment, and long-term monitoring to attain clean-up levels and ensure protectiveness. Notice of both the interim and final ROD was published in accordance with Section 117(b) of CERCLA, 42 U.S.C. § 9617(b).

C.   In performing response actions at OU 01 of the Site, EPA has incurred response costs and will incur additional response costs in the future.

D.   The Court entered a consent decree on May 24, 2006 that requires, *inter alia*, Dravo and Settling Defendant to reimburse certain response costs and perform work selected by EPA as an interim remedy for OU 01. Dkt. No. 284. This Consent Decree resolves all claims against Settling Defendant pursuant to Section 107 of CERCLA for additional response costs that have been incurred or that will be incurred in the future by EPA for OU 01 of the Site.

E.   The United States alleges that Settling Defendant is a responsible party pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and is jointly and severally liable for response costs incurred and to be incurred at OU 01 of the Site.

F.   Settling Defendant does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

G.   The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED:

## II.   JURISDICTION

1.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.   PARTIES BOUND

2.   This Consent Decree is binding upon the United States, and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV.   DEFINITIONS

3.   Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in the appendix attached hereto, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree and the appendix attached hereto. In the event of conflict between this Consent Decree and the appendix, this Consent Decree shall control.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the U.S. Environmental Protection Agency.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded

2

annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Operable Unit 01 or "OU 01" shall mean the portion of the Site that addresses groundwater contamination within the Colorado Avenue subsite, and depicted generally on the map included in Appendix A.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper- or lower-case letter.

"Parties" shall mean the United States and the Settling Defendant.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean Desco Corporation.

"Site" shall mean the Hastings Groundwater Contamination Superfund Site, located in and around the City of Hastings, Nebraska, and generally shown on the map included in Appendix A.

"Hastings Groundwater Contamination Superfund Site Special Account" or "Special Account" shall mean the special account, within the EPA Hazardous Substance Superfund, established for the Site by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C. § 9622(b)(3).

"State" shall mean the State of Nebraska.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V.     STATEMENT OF PURPOSE

4.     By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendant to make a cash payment to resolve its alleged civil liability with regard to OU 01 of the Site under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, as provided in the Covenants by Plaintiff in Section VIII, and subject to the Reservations of Rights by United States in Section IX.

## VI.   PAYMENT OF RESPONSE COSTS

5. **Payment of Response Costs**. Within 30 days after the Effective Date, Settling Defendant shall pay to EPA $131,067, plus an additional sum for Interest from the date of lodging of this Consent Decree through the date of payment.

6. Settling Defendant shall make payment at https://www.pay.gov in accordance with instructions provided to Settling Defendant by the Financial Litigation Program (FLP) of the U.S. Attorney's Office for the District of Nebraska after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System (CDCS) number, Site/Spill ID Number 07S2, and DJ Number 90-11-2-1260/10, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLP will provide the payment instructions to:

>   David Crane
>   Chief Financial Officer
>   DESCO CORPORATION
>   7795 Walton Parkway, Suite 175
>   New Albany, OH  43054
>   Tel: (614) 888-8855
>   dcrane@descocorporation.com

on behalf of Settling Defendant. Settling Defendant may change the individual to receive payment instructions on its behalf by providing written notice to DOJ and EPA of such change in accordance with Section XIV (Notices and Submissions).

7. **Deposit of Payment**. The total amount to be paid pursuant to Paragraph 5 (Payment of Response Costs) shall be deposited by EPA in the Hastings Groundwater Contamination Superfund Site Special Account to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

8. **Notice of Payment**. At the time of payment, Settling Defendant shall send to EPA and DOJ in accordance with Section XIV (Notices and Submissions), a notice of this payment including references to the CDCS Number, Site/Spill ID Number 07S2, and DJ Number 90-11-2-1260/10.

## VII.   FAILURE TO COMPLY WITH CONSENT DECREE

9. **Interest on Late Payments**. If Settling Defendant fails to make the payment required by Paragraph 5 (Payment of Response Costs) by the required due date, Interest shall accrue on the unpaid balance from the Effective Date through the date of payment.

10. **Stipulated Penalty for Late Payments.**

   a. If any amounts due to EPA under Paragraph 5 (Payment of Response Costs) are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 9 (Interest on Payments):

4

| Penalty Per Violation Per Working Day | Period of Noncompliance |
|---|---|
| $1,000 | 1st through 14th day |
| $2,000 | 15th through 30th day |
| $4,000 | 31st through 60th day |
| $8,000 | 61st day and beyond |

b. Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. Settling Defendant shall make all payments at https://www.pay.gov in accordance with the procedures under Paragraph 6 and shall send notice of such payments in accordance with the procedures under Paragraph 8 (Notice of Payment). Settling Defendant shall indicate in the comment field on the https://www.pay.gov payment form that the payment is for stipulated penalties.

c. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

11. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

13. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section VI (Payment of Response Costs) or from performance of any other requirements of this Consent Decree.

## VIII. COVENANTS BY PLAINTIFF

14. Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), regarding OU 01 of the Site. With respect to present and future liability, these covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. These covenants extend only to Settling Defendant and do not extend to any other person.

## IX. RESERVATION OF RIGHTS BY UNITED STATES

15. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within

5

Paragraph 14 (Covenants by Plaintiff). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

    a.    liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

    b.    criminal liability;

    c.    liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

    d.    liability based on the ownership or operation of the OU 01 by Settling Defendant when such ownership or operation commences after signature of this Consent Decree by Settling Defendant;

    e.    liability based on Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the OU 01, after signature of this Consent Decree by Settling Defendant;

    f.    liability for additional operable units at the Site or the final response action; and

    g.    liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of OU 01.

## X.   COVENANTS BY SETTLING DEFENDANT

16.    Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to OU 01 of the Site and this Consent Decree, including but not limited to:

    a.    any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

    b.    any claim arising out of response actions at or in connection with OU 01 of the Site, including any claim under the United States Constitution, the Nebraska Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

    c.    any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law, relating to OU 01 of the Site.

17.    Except as provided in Paragraph 19 (claims against other PRPs) and Paragraph 244 (Res Judicata and other Defenses), these covenants shall not apply in the event the United States brings a cause of action or issues an order with respect to OU 01 of the Site pursuant to any of the reservations set forth in Section IIX (Reservations of Rights by United States), other than in Paragraph 15.a (liability for failure to meet a requirement of the Consent Decree) or 15.b (criminal liability), but only to the extent that Settling Defendant's claims arise

6

from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

18. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

19. Settling Defendant agrees not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that it may have for response costs relating to OU 01 of the Site against any other person who is a potentially responsible party under CERCLA at the Site. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to OU 01of the Site against such Settling Defendant.

## XI.  EFFECT OF SETTLEMENT/CONTRIBUTION

20. Except as provided in Paragraph 19 (claims against other PRPs), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section X (Covenants by Settling Defendant), each of the Parties expressly reserves any and all rights (including, but not limited to, under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to OU 01 of the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

21. The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with OU 01 of the Site, by the United States or any other person, except for the State; provided, however, that if the United States exercises rights under the reservations in Section IX (Reservations of Rights by United States), other than in Paragraphs 15.a (liability for failure to meet a requirement of Consent Decree) or 15.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

22. The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective

Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

23.  Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days after service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

24.  In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to OU 01, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VIII.

## XII.  ACCESS TO INFORMATION

25.  Settling Defendant shall provide to EPA, upon request, copies of all records, reports, documents, and other information (including records, reports, documents and other information in electronic form) (hereinafter referred to as "Records") within their possession or control or that of their contractors or agents relating to activities at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information regarding the Site.

26.  **Privileged and Protected Claims**

   a.  Settling Defendant may assert that all or part of a Record is privileged or protected as provided under federal law, provided it complies with Paragraph 26.b, and except as provided in Paragraph 26.c.

   b.  If Settling Defendant asserts a claim of privilege or protection, it shall provide Plaintiff with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, Settling Defendant shall provide the Record to Plaintiff in redacted form to mask the privileged or protected information only. Settling Defendant shall retain all Records that it claims to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in Settling Defendant's favor.

   c.  Settling Defendant may make no claim of privilege or protection regarding:

8

(1) any data regarding the Site, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

(2) the portion of any Record that Settling Defendant is required to create or generate pursuant to this Consent Decree.

27. **Business Confidential Claims**. Settling Defendant may assert that all or part of a Record submitted to Plaintiff under this Section or Section XIII (Retention of Records) is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Settling Defendant shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which Settling Defendant asserts a business confidentiality claim. Records that Settling Defendant claims to be confidential business information will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Defendant that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Defendant.

28. Notwithstanding any provision of this Consent Decree, the United States retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XIII. RETENTION OF RECORDS

29. Until 10 years after the Effective Date, Settling Defendant shall preserve and retain all non-identical copies of Records now in its possession or control, or that come into its possession or control, that relate in any manner to its liability under CERCLA with respect to the Site, provided, however, that if Settling Defendant is potentially liable as an owner or operator of the Site, Settling Defendant must retain, in addition, all Records that relate to the liability of any other person under CERCLA with respect to the Site. Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

30. After the conclusion of the record retention period, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, except as provided in Paragraph 26 (Privileged and Protected Claims), Settling Defendant shall deliver any such Records to EPA.

31. Settling Defendant certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the State, and that it has fully complied with any and all EPA and State requests for information regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B), Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

## XIV. NOTICES AND SUBMISSIONS

32. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email**: eescasemanagement.enrd@usdoj.gov

**As to DOJ by regular mail**:
EES Case Management Unit
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-11-2-1260/10

**As to EPA**:
Katherine Gulley, Attorney-Adviser
U.S. Environmental Protection Agency, Region 7
Office of Regional Counsel
11201 Renner Boulevard
Lenexa, Kansas 66219
(913) 551-7880
Gulley.katherine@epa.gov

**As to Setting Defendant**:
David Crane
Chief Financial Officer
DESCO CORPORATION
7795 Walton Parkway, Suite 175
New Albany, OH 43054
Tel: (614) 888-8855
dcrane@descocorporation.com

## XV. RETENTION OF JURISDICTION

33. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI. INTEGRATION/APPENDIX

34. This Consent Decree and its appendix constitutes the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendix is attached to and incorporated into this Consent Decree:

10

"Appendix A" is the map of the Site. OU 01 is located within the Colorado Avenue Subsite.

## XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

35. This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

36. If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any Party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

## XVIII. SIGNATORIES/SERVICE

37. Each undersigned representative of Settling Defendant and *[TBD of]* the U.S. Department of Justice, Environment and Natural Resources Division certifies that they are authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

38. Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

39. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendant agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XIX. FINAL JUDGMENT

40. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendant. The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 5th DAY OF February, 2024.

_____
United States District Judge

Signature Page for Consent Decree Regarding the Hastings Groundwater Contamination Superfund Site

**FOR THE UNITED STATES OF AMERICA**:


Susan M. Akers
Deputy Section Chief
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611


s/ Erika M. Wells
Erika M. Wells, OR # 05500
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
7600 Sand Point Way, NE
Seattle, Washington 98115


s/ Joanna Citron Day
Joanna Citron Day, DC # 477833
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

SUSAN T. LEHR
Acting United States Attorney
District of Nebraska


TIMOTHY R. HOOK, #24529
Assistant U.S. Attorney
Omaha, NE  68102-1506
Tel:  (402) 661-3700
Fax:  (402) 661-3086
E-mail:  tim.hook@usdoj.gov

Signature Page for Consent Decree Regarding the Hastings Groundwater Contamination Superfund Site

**MEGHAN MCCOLLISTER**
Digitally signed by MEGHAN MCCOLLISTER
Date: 2023.09.27 10:47:51 -05'00'

Meghan A. McCollister
Regional Administrator, Region 7
U.S. Environmental Protection Agency
11201 Renner Boulevard
Lenexa, Kansas 66219

**Gulley, Katherine**
Digitally signed by Gulley, Katherine
Date: 2023.09.26 08:08:47 -05'00'

Katherine Gulley
Attorney-Adviser
U.S. Environmental Protection Agency, Region 7
11201 Renner Boulevard
Lenexa, Kansas 66219

14

Signature Page for Consent Decree Regarding the Hastings Groundwater Contamination Superfund Site

## FOR DESCO CORPORATION:

09/11/2023
Date

Name (print): DAVID A CRANE
Title: CHIEF FINANCIAL OFFICER
Address: 7795 WALTON PKWY, SUITE 175
NEW ALBANY OH 43054

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): DAVID A CRANE
Title: CHIEF FINANCIAL OFFICER
Company: DESCO CORPORATION
Address: 7795 WALTON PKWY SUITE 175
NEW ALBANY OH 43054
Phone: (614) 888-8865
email: DCRANE@DESCOCORPORATION.COM

15

Plumes)

NOTE: The Environmental Protection Agency does not guarantee the accuracy, completeness, or timeliness of the information shown, and shall not be liable for any injury or loss resulting from reliance upon the information shown.

*HM 11/21/2018*

